UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KENNETH GRAY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:09CV1355 RWS |
| | ) | (TIA) |
| DAVID DORMIRE, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion for Leave to Conduct Discovery (Docket No. 8). All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for appropriate disposition.

Petitioner, a Missouri inmate, initiated this action on August 13, 2009, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in the Circuit Court of Dunklin County, Missouri, of murder in the second degree, armed criminal action, and burglary, all related to the shooting death of his neighbor. Petitioner received consecutive life sentences for the murder and armed criminal action and a concurrent fifteen-year sentence for the burglary. For the reasons set forth below, Petitioner's motion shall be denied, without prejudice, subject to reconsideration upon final review of the case.

Petitioner raises three grounds for habeas relief, including that his post-conviction appeal counsel was ineffective for not raising the issue of the trial court's failure to present evidence that his father was the real murderer.

In response to the Court's Order to show cause why habeas relief should not be granted, Respondent posits that Petitioner's claim is unreviewable by this Court. In the alternative,

Respondent contends that the claim lacks merit inasmuch as Petitioner has failed to satisfy either prong of the Strickland test.

Petitioner seeks leave to conduct discovery in the instant habeas proceeding, specifically, requesting "[a]ny and all notes, documents and records of the prosecutor's office or the police reflecting contact with Larry Joe Carroll, to include police/prosecutor's theories of multiple assailants and/or third-party guilt." Petitioner asserts that such documents and records will purportedly demonstrate how the police considered another party may have committed the murder for which he was convicted. Petitioner also requests an evidentiary hearing.

"A habeas petitioner, unlike the civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Newton v. Kemna, 354 F.3d 776, 783 (8th Cir. 2004) (quoting Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing 28 U.S.C. § 2254 Cases permits a court to allow such discovery on a showing of good cause. Bracy, 520 U.S. at 904. In determining whether Petitioner has shown good cause, the undersigned must consider the essential elements of his substantive claim and evaluate whether "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." Id. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). Petitioner cites to no other information the development of which would demonstrate that he is entitled to habeas relief. Petitioner has failed to establish that if the facts are further developed he will be entitled to habeas relief. *See* Newton, 354 F.3d at 783; Byrd v. Armontrout, 686 F. Supp. 743, 784-86 (E.D. Mo. 1988) (denying habeas petitioner's request for discovery because the court did not believe that "the information contained in the discovery would establish" the petitioner's claims). As such, the undersigned finds that Petitioner has failed to show good cause why discovery is necessary

in the matter for consideration.  *See* Newton, 354 F.3d at 783.  Accordingly, Petitioner's Motion for Leave to Conduct Discovery should be denied.

Here, as Respondent argues the claim is non-cognizable inasmuch as there is no constitutional right to a state post-conviction proceedings and irregularities which do not rise to the level of constitutional violations.  *See* Pennsylvania v. Finley, 481 U.S. 551, 557 (1987); Williams v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990).  The State has no obligation to provide post-conviction review and due process does not require the appointment of counsel in such proceedings.  *See* Finley, 481 U.S. at 557.  "Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."  Coleman v. Thompson, 501 U.S. 722, 752 (1991); Sidebottom v. Delo, 46 F.3d 744, 751 (8th Cir. 1995) (stating that because petitioner has no constitutional right to counsel in post-conviction proceedings, there can be no right to effective assistance of counsel).  Likewise, 28 U.S.C. § 2254 itself provides that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  28 U.S.C. § 2254(I).  For these reasons, Petitioner's claim that he received ineffective assistance of appellate post-conviction counsel cannot be reviewed in this action.

Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right.  Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990); 28 U.S.C. § 2254(a).  Claims that do not reach constitutional magnitude cannot be addressed in a petition for writ of habeas corpus.  Carter v. Armontrout, 929 F.2d 1294, 1296 (8th Cir. 1991).

Petitioner's assertion that he is actually innocent of the crimes for which he was convicted is

not supported by any reliable evidence, and he is not entitled to launch an exploration of the Prosecutor's office or the Police Department's entire investigative file in an effort to uncover some as yet undefined evidence to corroborate that assertion. *See* Williams v. Roper, 2007 WL 1018638, at * 8 (E.D. Mo. March 30, 2007).

The circumstances under which this Court may hold an evidentiary hearing in a § 2254 case are severely restricted. *See* 28 U.S.C. § 2254(e)(2). "To overcome this hurdle a petitioner must show that the claim involves a new rule of constitutional law made retroactive to his situation, or facts that could not have been discovered by due diligence, or sufficient facts to establish constitutional error by clear and convincing evidence." Hall v. Luebbers, 296 F.3d 685, 700 (8th Cir. 2002) (citing § 2254(e)(2)). Petitioner has failed to make this showing.

**IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to Conduct Discovery (Docket No. 8) is **DENIED WITHOUT PREJUDICE.**

Dated this   17th   day of February, 2010.

                                                /s/Terry I. Adelman
                                       UNITED STATES MAGISTRATE JUDGE