UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH GRAY, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:09-CV-1355RWS/NAB |
| DAVID DORMIRE, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER
ON PETITIONER'S MOTION FOR EVIDENTIARY HEARING
AND MOTION TO APPOINT COUNSEL**

Presently before the Court is Petitioner's motion for an evidentiary hearing and motion to appoint counsel. [Doc. 26]. Respondent did respond to the motions. Having fully considered the arguments set forth by Petitioner, the Court denies the motion for an evidentiary hearing and the motion to appoint counsel.

**Discussion**

**A. Motion For Evidentiary Hearing**

Petitioner requests an evidentiary to develop the record regarding his age and mental capacity to understand his *Miranda* rights. Petitioner makes this request in light of the United States Supreme Court's recent decision in *J.D.B. v. North Carolina*, 131 S. Ct. 2394 (2011), in which the Court held that a child's age, when known or objectively apparent to a reasonable officer, must be considered by the court in conducting the *Miranda* custody analysis. *J.D.B*, 131 S. Ct. at 2405-06.

In conducting habeas review pursuant to 28 U.S.C. § 2254, a federal court is limited to deciding whether (1) the decision of a state court is "contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(1) - (d)(2) (1996). However, under § 2254(d)(1), the phrase 'clearly established Federal law' "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions a*s of the time of the relevant state-court decision.*"  *Williams v. Taylor,* 529 U.S. 362, 412 (2000) (emphasis added); *see also Lockyer v. Andrade,* 538 U.S. 63, 71-72 (2003) (noting that 'clearly established Federal law' refers to "the governing legal principle or principles set forth by the Supreme Court *at the time the state court renders its decision.*" (emphasis added)); *Storey v. Roper*, 603 F.3d 507, 516 n.4 (8th Cir. 2010).1355

The state court decisions for which Petitioner seeks habeas relief occurred years before the Supreme Court's decision in *J.D.B.*, and since *J.D.B.* did not reiterate an already "clearly established" legal principle, the Court cannot consider *J.D.B.*, or the principle for which it stands, in making the habeas determination in this matter. Therefore, the Court will not grant an evidentiary hearing to develop issues the Petitioner contends are relevant in light of the holding in *J.D.B.* Petitioner's motion for an evidentiary hearing is denied.

**B. Motion to Appoint Counsel**

There is no constitutional right to appointment of counsel in habeas corpus proceedings. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). In *Abdullah v. Norris*, 18 F.3d 571 (8th Cir. 1994), the Eighth Circuit Court of Appeals discussed those circumstances in which the appointment of counsel is appropriate. The court stated:

> A magistrate judge or district judge may appoint counsel for a habeas petitioner if "the interests of justice so require." 18 U.S.C.A. § 3006A(a)(2), (a)(2)(B) (West Supp. 1993). If a district court conducts an evidentiary hearing on the petition, the interests of justice require that the court appoint counsel for the petitioner. *See*

>Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Habeas Rules").  If no evidentiary hearing is necessary, the appointment of counsel is discretionary.
>
>When exercising its discretion, a district court should first determine whether a pro se habeas petitioner has presented a nonfrivolous claim.  *Battle* [*v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990)].  If the petitioner has presented only claims that are frivolous or clearly without merit, the district court should dismiss the case on the merits without appointing counsel.  *See* Habeas Rule 4.  If the petitioner has presented a nonfrivolous claim, the district court should then determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the petitioner and the court to such an extent that "the interests of justice so require" it.  18 U.S.C. § 3006A(a)(2); *see also Battle*, 902 F.2d at 702.  To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors. *See Battle*, 902 F.2d at 702; *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

*Id*. at 573.

In considering the standards set forth in *Abdullah* and the claims raised in the petition, the Court finds that the appointment of counsel would not benefit Petitioner or the Court to such an extent that the interests of justice require the appointment of counsel.  Moreover, the Court finds that the petition contains claims that are not legally or factually complex and Petitioner has demonstrated an ability to present his claims in a clear and concise fashion.  Therefore, at this time, the Court finds that Petitioner is not entitled to the appointment of counsel.  Petitioner's motion to appoint counsel is denied.

## Conclusion

Based on the above analysis, the Court finds that Petitioner's Motion for an Evidentiary Hearing should be denied.  The Court also finds that Petitioner's Motion to Appoint Counsel should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for an Evidentiary Hearing is **DENIED**.  [Doc. 26].

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel is **DENIED**.  [Doc. 26].

Dated this 26th day of September, 2011.

/s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE