UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH GRAY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 4:09-CV-01355-NAB ) |
| DAVID DORMIRE, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Presently before the Court is Petitioner's Motion for Reconsideration of the Court's September 26, 2011 order denying Petitioner's Motion for an Evidentiary Hearing and Motion to Appoint Counsel. [Doc. 28]; [Doc. 27]. Petitioner has also filed two motions seeking an order from the Court directing Respondent to serve a copy of its response to Petitioner's Motion for an Evidentiary Hearing and Motion to Appoint Counsel, or in the alternative, that the Court send Petitioner a copy of Respondent's response. [Doc. 29]; [Doc. 30]. For the reasons set forth below, each of Petitioner's motions is denied.

**Discussion**

**A. Motion for Reconsideration**

On September 26, 2011, the Court entered an Order denying Petitioner's Motion for an Evidentiary Hearing and Motion to Appoint Counsel. [Doc. 27]. Petitioner sought an evidentiary hearing to develop the record regarding his age and mental capacity to understand his *Miranda* rights in light of the United States Supreme Court's decision in *J.D.B. v. North Carolina*, 131 S. Ct. 2394 (2011). In *J.D.B.*, the Supreme Court held that a child's age, when known or objectively apparent to a reasonable officer, must be considered by the court in conducting the *Miranda* custody analysis. *J.D.B*, 131 S. Ct. at 2405-06. This Court denied Petitioner's motion,

finding that the *J.D.B.* decision did not constitute "clearly established Federal law" at the time the state court issued the decisions from Petitioner seeks habeas relief. *See* [Doc. 27] at 1-2. Petitioner presents no meritorious arguments or legal authority that requires the Court to reverse that Order.

Petitioner cites to three case that he claims have applied *J.D.B.* retroactively. Petitioner cites to *Finley v. Barrington*, No. CV 10-2338 DOC (MRW), 2011 U.S. Dist. LEXIS 95512 (C.D. Cal. July 25, 2011); *Ahumada v. McDonald*, No. ED CV 10-1454 RGK (MRW), 2011 U.S. Dist. LEXIS 88273 (C.D. Cal., July 12, 2011), and *Kalmakoff v. State*, 257 P.3d 108 (Alaska 2011). None of these cases apply the holding of *J.D.B.* retroactively, as Petitioner alleges. *Finley* and *Ahumada* both cite to *J.D.B.* for the general principle that in order for a statement taken during a custodial interrogation to be admissible, the prosecution must demonstrate that the suspect voluntarily waived his *Miranda* rights and voluntarily made the subsequent statement. *Finley*, 2011 U.S. Dist. LEXIS 95512, at *7; *Ahumada*, 2011 LEXIS 88273, at *9. There is no further mention of *J.D.B.* in either case. The remaining case, *Kalmakoff*, only recognized the holding in *J.D.B.*; the decision did not rely on a retroactive application of *J.D.B.* Furthermore, *Kalmakoff* was a non-habeas, state case that in no way addressed or applied 28 U.S.C. § 2254, the federal statute which governs this Court's review of Petitioner's case. Therefore, for the reasons set forth in September 26, 2011 Memorandum and Order, the Court denies Petitioner's Motion for Reconsideration of the denial of his Motion for an Evidentiary Hearing.

Similarly, for the reasons discussed in the September 26, 2011 Memorandum and Order, the Court denies Petitioner's request to reconsider the denial of Petitioner's Motion to Appoint Counsel. *See* [Doc. 27] at 2-3. Petitioner has continued to display an ability to research relevant

legal authority and present his claims in a clear and concise fashion. Therefore, the Court denies Petitioner's Motion for Reconsideration of the denial of his Motion to Appoint Counsel.

**B. Motions for Order Directing Respondent to Serve Copy of Response**

Petitioner has filed two motions seeking an order from the Court directing Respondent to serve Petitioner with a copy of his response to Petitioner's Motion for Evidentiary Hearing and Motion to Appoint Counsel. The motions, in the alternative, request that the Court send Petitioner a copy of Respondent's response. [Doc. 29]; [Doc. 30].

The second sentence of the Court's September 26, 2011 Memorandum and Order stated, "Respondent did respond to the motions." However, that sentence should have read, "Respondent did *not* respond to the motions." The Court received no response from Respondent to Petitioner's Motion for an Evidentiary Hearing and Motion to Appoint Counsel. The Court will amend the September 26, 2011 Memorandum and Order to correct this error. Petitioner's motions that seek an order from this Court directing Respondent to serve a copy of his response, or in the alternative, that the Court send Petitioner a copy of the response will therefore be denied as moot.

**Conclusion**

For the reasons set forth above the Court finds that Petitioner's Motion for Reconsideration of the Court's September 26, 2011 Order should be **DENIED**. [Doc. 28]. Further, the Court finds that Petitioner's Motions for an Order Directing Respondent to Serve Petitioner with a Copy of Respondent's Response to Petitioner's Motion for Evidentiary Hearing and Motion to Appoint Counsel, or in the alternative, that the Court send Petitioner a copy of the response should be **Denied** as moot. [Doc. 29]; [Doc. 30].

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration is **DENIED**. [Doc. 28].

**IT IS FURTHER ORDERED** that Petitioner's First Motion for an Order Directing Respondent to Serve Petitioner with a Copy of Respondents' Response to Petitioner's Motion for Evidentiary Hearing and Motion to Appoint Counsel, or in the alternative, that the Court send Petitioner a copy of the response should be **DENIED** as moot. [Doc. 29].

**IT IS FURTHER ORDERED** Petitioner's Second Motion for an Order Directing Respondent to Serve Petitioner with a Copy of Respondents' Response to Petitioner's Motion for Evidentiary Hearing and Motion to Appoint Counsel, or in the alternative, that the Court send Petitioner a copy of the response should be **DENIED** as moot. [Doc. 30].

**IT IS FURTHER ORDERED** that an Amended Memorandum and Order will issue contemporaneously with this Order amending the Court's September 26, 2011 Order as discussed on page three (3) of this Order.

Dated this 8th day of December, 2011

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE